JOSÉ VILLANUEVA-BONILLA, Plaintiff and Appellant, v. JOSÉ CRISTÓBAL DÍAZ-MALDONADO, Defendant and Appellee.

No. 3420. Argued January 23, 1925.—Decided May 29, 1925.

MORTGAGE—FORECLOSURE—JOINT OWNERS.—A summary foreclosure proceeding having been declared void at the instance of and as to certain joint owners of the mortgaged property, the mortgagee may bring an ordinary action to foreclose the mortgage and join the other joint owners as defendants.

District Court of Arecibo, Enrique Lloreda, J. Judgment for the defendant with costs. *Reversed and remanded.*

*A. Suliveres* and *R. Agrait Aldea* for the appellant. *José Tous Soto* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Three of several heirs obtained final judgment in their favor wherein the nullity of a mortgage proceeding was declared, inasmuch as in said mortgage proceeding only a widower was cited and none of the heirs. The latter were entitled to notice by reason of the death of their mother, the consequent dissolution of the conjugal partnership and the devolution to the heirs of their proper share in the conjugal property. *Cortés* v. *Díaz*, 31 P. R.R. 433. In that decision we said that the mortgage proceeding was null and void so far as it affected the interest of the complainants in the suit then before us. The question is presented whether the mortgage proceeding was not totally void and nonexistent. Of course, in said case of *Cortés* v. *Díaz* we were not, and are not now, considering the rights of third persons by virtue of the Mortgage Law.

At the supposed mortgage sale the creditor, Juana de Dios Sofía Reventós, bought in the property. She sold it, or a part of it, to the predecessor in title of the complainant in the present action, José Villanueva Bonilla. As a consequence of the nullity proceedings above referred to Villanueva sued Mrs. Reventós. The suit resulted in a compromise whereby the said Mrs. Reventós ceded the mortgage credit to Bonilla. The latter brought suit whose ultimate purpose was the recovery of the mortgage credit. He made

parties defendant all the former owners and their heirs. The court below held that complainant had not shown a cause of action.

The court was right in holding that the first count did not state a cause of action. Therein the complainant limited himself to stating in more extensive form than we have done the facts that led up to and including the decision of this court in *Cortés* v. *Díaz, supra.* The second count, however, is very different. It states the suit filed by Villanueva against Mrs. Reventós, the compromise thereof and the transfer of the mortgage credit to complainant along with all rights of action that she might have had. The complaint goes on to recite that the mortgage is still due and unpaid and that the defendants have not paid it. Then, at the end, the complaint contained the following:

"1.—That the said judgment of this court of March 13, 1920, declaring the·nullity of the sales made on March 8, 1908—the first by the marshal of the district of Arecibo in the name of Hermógenes Díaz to Juana de Dios Sofía Reventós and the second by the latter to Cristóbal Díaz—in so far as they affect the acknowledged part ownership of the then plaintiffs, on the ground of lack of jurisdiction of the court to order the auction and judicial sale and of failure to meet the legal requirements in connection with the publication of the edicts looking to the absolute nullity of such sales, the contracts involved being wholly void or inexistent.

"2.—That if it be not so held, the court declare the complete and absolute nullity of said deeds of sale as well as the auction sale that gave rise to the same, and also the nullity of the records thereof in the registry of property and the entries subsequently based on such void contracts in so far as the same do not exist by virtue of the said judgment.

"3.—That the defendants be directed to pay to the plaintiff the said sum of $13,125.27, balance due and owing on the said mortgage, together with matured interest at 12% per annum from March 13, 1920, and a further sum of $1,000 for costs and expenses."

Essentially, this is a suit to foreclose the mortgage. The complainant found himself embarrassed by the fact that the judgment of this court only declared the mortgage sale void.

as to three of the heirs.  They were the only ones before the court.  It might have been urged against complainant that the interest of other owners had been transferred by the mortgage sale.  Hence complainant had a right to a declaration from a court whether or not his mortgage was capable of total foreclosure as against all the owners or their heirs or against only a part of them.  We agree with the complainant that the mortgage before us was indivisible—Mortgage Law, section 122—and that the mortgage sale declared void as to some of the heirs was void against all the owners. Hence the complainant has a right to commence *de novo* untrammeled by the particular doubt presented.  The court was mistaken in holding that there was no relation or nexus between complainant and defendants.  He acquired all the right that the original owners of the mortgage credit had against said defendants.  The suit is not one to make the former judgment, as such, effective against other defendants; but, as we have intimated, this is a foreclosure proceeding wherein the complainant has a right to have his whole mortgage debt satisfied as against the said heirs. Therefore, the defendants having appeared and answered and there being no doubt about the facts, a mortgage sale should be ordered in due form of law.  The judgment is reversed and the case remanded for other proceedings not inconsistent with this opinion.

ON RECONSIDERATION.

Opinion of the Court delivered by MR. JUSTICE WOLF on July 20, 1925.

The party victorious in this court has requested in a motion of reconsideration an explanation of our opinion and judgment, inasmuch as the District Court of Arecibo, according to the said complainant and appellant, holds that said complainant is obliged to begin a new action.  We think the contrary sufficiently appears from our opinion and judgment. In our judgment we sent the case back for further proceed-

ings not inconsistent with the opinion. Normally, when a case is sent back for further proceedings something further is to be done in the same case.   In the next to the last sentence of our opinion we said that as the defendants had answered and there was no doubt of the facts, the case was ready for sale in execution.

It is true that in the opinion we used the present tense and said that the complainant had a right to commence anew the action and free of the particular doubt which was presented, but we meant to say that the complainant had a right to go on in this particular action.

We do not quite agree with the appellant that in order to state a cause of action a declaration of the effect of our previous judgment in the *Cortés Case* was necessary.   On the contrary, we think the complainant could have presented an ordinary suit for the recovery of a mortgage and that the defendants could have raised any doubt, if such there was, of the said complainant's right to go on.   The question, however, was raised in the court below by the complainant himself and decided adversely to him, but we have reversed that decision and think that the complainant has a right to go on with his present suit and have a sale ordered.

Of course, if there is any doubt as to there being an issuable fact raised by any of the defendants, that fact should be tried.   Likewise, this suit cannot affect the possible rights of third parties.

This is done in reconsideration of our opinion and judgment.